**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HANY NIJMEH, AKA Hani Saleane Nijmeh, AKA Hank Nijmeh,<br><br>       Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>       Respondent. | No. 08-75156<br><br>Agency No. A017-282-540<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2013[**]
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and WOOD, Senior District Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Kimba M. Wood, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Hany Nijmeh ("Petitioner") petitions for review of a Board of Immigration Appeals' ("BIA") order finding him ineligible for withholding of removal and denying his application for relief under the Convention Against Torture ("CAT").

In determining that Petitioner was ineligible for withholding of removal by virtue of "having been convicted . . . of a particularly serious crime," 8 U.S.C. § 1231(b)(3)(B)(ii), the BIA retroactively applied the Attorney General's 2002 decision in Matter of Y-L-, 23 I. & N. Dec. 270 (BIA 2002). Relying on Miguel-Miguel v. Gonzales, 500 F.3d 941 (9th Cir. 2007), Petitioner contends that the retroactive application of Matter of Y-L- was improper. This is a "pure question[] of law," which this Court reviews de novo. See De Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir. 2004). Given that Petitioner's crime qualified as a particularly serious crime under the law in effect at the time of his guilty plea, we find no error in the BIA's retroactive application of Matter of Y-L-. See Miguel-Miguel, 500 F.3d at 951 (applying factors articulated in Montgomery Ward & Co., Inc. v. FTC, 691 F.2d 1322, 1333 (9th Cir. 1982)).

We also conclude that the BIA did not err in denying Petitioner's application for CAT relief. The factual findings of the Immigration Judge ("IJ") and the BIA underlying a determination that an applicant is ineligible for CAT relief are

reviewed for whether they are supported by substantial evidence.  See Arteaga v. Mukasey, 511 F.3d 940, 944 (9th Cir. 2007).  Having reviewed Petitioner's arguments and the evidence in the record, we conclude that the BIA's determination is supported by substantial evidence.  See Cole v. Holder, 659 F.3d 762, 769-70 (9th Cir. 2011).  The BIA did not err in relying on Matter of J-F-F-, 23 I. & N. Dec. 912 (A.G. 2006).

Finally, we conclude that the gaps in the transcript of the IJ's hearing did not violate Petitioner's due process rights, because the inaccuracies did not prejudice Petitioner.  See Cinapian v. Holder, 567 F.3d 1067, 1075 (9th Cir. 2009).

**PETITION DENIED.**